IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PASSARELLA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-91 |
| | : | |
| v. | : | |
| | : | |
| NORMAN PASSARELLA, WILLIAM J. PASSARELLA, SR., and FLEET MORTGAGE CORP., | : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                January 31, 2019

The *pro se* prisoner plaintiff has sought leave to proceed *in forma pauperis* and filed a complaint in which he raises claims under 42 U.S.C. § 1983 and possibly claims under state tort law against his brother, his deceased father, and a mortgage company based on allegations that his brother and deceased father improperly used the plaintiff's personal information to obtain a mortgage on property that was ultimately foreclosed upon in 1998. Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint because (1) the plaintiff has failed to state a claim for relief under section 1983 because there are no facts pleaded that would allow the court to characterize the defendants as state actors, and (2) the court lacks subject-matter jurisdiction over any state law tort claims because the parties are not completely diverse for diversity jurisdiction under 28 U.S.C. § 1332(a).

### I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* prisoner plaintiff, William J. Passarella ("Passarella"), filed an application for leave to proceed *in forma pauperis* (the "IFP Application"), a complaint, and a prisoner trust fund

account statement that the clerk of court docketed on January 7, 2019.[1] *See* Doc. Nos. 1–3. The complaint appears to assert claims against Norman Passarella, who is Passarella's brother, William J. Passarella, Sr., who is Passarella's father and who apparently died in 2011, and Fleet Mortgage ("Fleet").[2] *See* Compl. at ECF pp. 3–6. Very recently, Passarella filed a motion to add Cardinal Financial Corp. as an additional defendant. *See* Doc. No. 5.

In the complaint, Passarella alleges that his father and brother misused his personal information without his knowledge to obtain a mortgage with Fleet on property that was foreclosed upon in 1998.[3] *See* Compl. at ECF p. 7. It appears that the property is in Colwyn, Pennsylvania, and was sold to Passarella's father and brother in 1990. *See id.* at ECF p. 16. Passarella has attached to the complaint a report derived from a case search showing various liens apparently issued against him, as well as the docket for the 1998 mortgage foreclosure case. *See id.* at ECF pp. 9–13. The docket reflects a judgment entered against a William J. Passarella and Passarella's

---

[1] Passarella is currently incarcerated at Pennsylvania's State Correctional Institution – Mahanoy. *See* Compl. at ECF p. 7.

[2] Passarella alleges that his father had an address in Collingdale, Pennsylvania, and his brother has an address in Prospect Park, Pennsylvania, and works at the George W. Hill Correctional Facility in Pennsylvania. *See* Compl. at ECF pp. 4, 8. Passarella also alleges that Fleet has an address in Milwaukee, Wisconsin. *See id.* at ECF p. 5.

    The court notes that as Passarella's father has passed away, his father's estate would be the appropriate defendant here. In addition, the court takes judicial notice that Washington Mutual Home Loans, Inc., acquired Fleet, and the Federal Deposit Insurance Corporation eventually subsumed Washington Mutual Homes Loans, Inc. *See Hoffman v. Phelan Hallinan, LLP*, Civ. A. No. 13-5700, 2016 WL 4089163, at *1 (E.D. Pa. Aug. 2, 2016) ("Fleet Mortgage Corp. was later merged into Washington Mutual Home Loans, Inc., which was subsumed by the Federal Deposit Insurance Corporation[.]"). Thus, Fleet is also an inappropriate defendant here.

[3] On July 11, 2018, the clerk of court docketed an application for leave to proceed *in forma pauperis* and a complaint Passarella filed against the same defendants in another civil action. *See Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. Nos. 1, 2. Passarella raised the same claims he is asserting here in this prior action. *See* Compl. at ECF pp. 3–8, *Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. No. 2. Prior to the court addressing his claims, Passarella moved to withdraw the case because he stated that Fleet made a mistake insofar he and his father had the same name and Fleet mixed up their dates of birth. *See* Mot. to Withdraw This Case at 1, *Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. No. 12. The court granted the motion and dismissed the action without prejudice on August 28, 2018. *See* Order, *Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. No. 13. On October 9, 2018, Passarella filed a motion to reinstate the case, but as he provided no reason for the court to reinstate the matter, the court denied the motion on October 16, 2018. *See* Mot. to Reinstate Case, *Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. No. 14; Order, *Passarella, Jr. v. Fleet Mortg., et al.*, Civ. A. No. 18-2945 (E.D. Pa.), Doc. No. 15.

brother in the amount of $95,713.32. *See id.* at ECF p. 13. The property was ultimately sold to Fleet at a Sheriff's sale in 1999. *See id.* at ECF p. 21.

Passarella contends that his family members were "using his social security number and date of birth to conduct unlawfull [sic] business and as a result of these unlawfull [sic] business and as a result of these unlawfull [sic] activities [Passarella's] credit is totally damaged." *Id.* at ECF p. 27. He appears to be claiming that his father and brother unlawfully used his information on the mortgage—when he was still a minor (he says he was nine or ten years old at the time)—and that the resulting foreclosure action and judgment against him damaged his credit. *See id.* at ECF pp. 27–30. Passarella alleges that Fleet "failed to investigate and do background checks before approving of such business." *Id.* at ECF p. 30. Passarella seeks an investigation, a declaration that the defendants violated his constitutional rights, and damages in the amount of $695,000.00 against Fleet. *See id.* at ECF pp. 33–34.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in

*forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner trust fund account statement, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[4]

## B. Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[4] Since Passarella is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even though the court is ultimately dismissing this action. Passarella should be aware of his obligation to pay the fee considering the numerous prior lawsuits he has filed with this court.

dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333,

339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Passarella bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## C. Analysis

Despite his conclusory allegations regarding the violation of a constitutional right, Passarella has not stated any plausible basis for a federal claim. To the extent he is asserting claims under section 1983, he has failed to include plausible allegations to assert a cause of action under section 1983. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

In the complaint, Passarella has not identified any federal statute or constitutional right that the named defendants allegedly violated in this case, and the court cannot discern any such violation from the allegations in the complaint. Additionally, there are no allegations plausibly supporting a finding that Fleet Mortgage or the individual defendants are state actors; instead, they appear to be purely private parties. *See, e.g.*, *Bailey*, 188 F. App'x at 67–68 (concluding that defendant bank was not a state actor despite arguments by the plaintiff that the government extensively regulated the bank and the bank calling the police to address a possible disturbance created by the plaintiff); *Berry v. Walter Mortg. Co.*, No. 1:13CV-00173-JHM, 2014 WL 2219233, at *4 (W.D. Ky. May 29, 2014) (concluding that *pro se* plaintiff failed to state claim under section 1983 against mortgage company where complaint, construed in light most favorable to plaintiff, failed to allege or otherwise indicate that mortgage company was state actor); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims

7

brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." (citations omitted)). Therefore, Passarella has failed to state a claim against the defendants that would entitle him to relief under section 1983.

As Passarella has failed to assert a claim under section 1983 and the court cannot discern any other federal claim, the only possible independent basis for jurisdiction over such claims is the diversity jurisdiction statute, 28 U.S.C. § 1332. This section grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Here, it does not appear that the parties are completely diverse. Regarding the parties' citizenship, Fleet, as a corporation, is a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). For Passarella's brother and father, an individual is a citizen of a state in which the individual is domiciled, meaning the state where the individual is physically present and intends to remain. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). As for Passarella, his domicile "before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may

be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (per curiam) (citations omitted); *see also Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment," and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state, but they permit him to rebut that presumption").

Here, Although Passarella alleges that he is incarcerated at SCI–Mahanoy in the Commonwealth of Pennsylvania, *see* Complaint at ECF pp. 4, 7, he does not allege the state of his domicile prior to his incarceration (even though it appears very likely that he was domiciled in Pennsylvania prior to his incarceration). It also appears that his brother is a citizen of Pennsylvania. As indicated earlier, Fleet and Passarella's father appear to be improperly named as defendants; nonetheless, if Passarella and his brother are both citizens of Pennsylvania, these other defendants' citizenship is irrelevant because complete diversity among the parties is lacking.[5]

### D. "Motion to Update Another Defendant in This Civil Case"

Passarella has moved to add Cardinal Financial Corp. as a named defendant in this action. *See* Mot. to Update Another Def. in This Civil Case at 1, Doc. No. 5. Passarella alleges that this defendant "[a]llowed this loan to go threw [sic] when plaintiff was 9 years [old;] failed to investigate and do back ground [sic] check before approving of such business." *Id.* Passarella also alleges that this defendant has an address of 2357 Lehigh Street in Allentown, Pennsylvania. *See id.*

---

[5] Passarella indicates elsewhere in the complaint that because Fleet has a Wisconsin address that venue is proper in Wisconsin. *See* Compl. at ECF p. 7. However, as the property in question and the foreclosure proceedings occurred in the Eastern District of Pennsylvania, venue appears to be proper here. *See* 28 U.S.C. § 1391.

The court will deny the motion to amend because Passarella alleges that this defendant has a Pennsylvania address which would otherwise defeat diversity. Even if this new defendant was a citizen of a state other than Pennsylvania, it would not alter the court's analysis because complete diversity is lacking insofar as Passarella and his brother are both citizens of Pennsylvania.

### E. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). In this case, the court will not grant Passarella leave to amend because doing so would be futile insofar as the court cannot conceive of any manner in which he could plead sufficient facts showing that the defendants are state actors to justify a cause of action under section 1983 and it appears that he and his brother are both citizens of the Commonwealth of Pennsylvania so the parties could never be completely diverse.

### III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and will dismiss the complaint. The court will dismiss Passarella's federal claims with prejudice but will dismiss any possible state law tort claims without prejudice to Passarella initiating a new civil action based on the same events alleged in the instant complaint in the appropriate state court.[6] The court will not provide him leave to file an amended complaint because doing so would be futile.

---

[6] It appears that Passarella would have to overcome a potential statute of limitations defense as the sale of the property in question occurred approximately 20 years ago.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.